## JOSIAH G. CHASE *vs.* JOHN S. KEYES.

In an action against a sheriff, on Rev. Sts. *c.* 97, § 72, to recover the damages sustained by the plaintiff by the escape of his debtor committed on execution, the judge refused to instruct the jury that the plaintiff was entitled to recover the whole amount of his debt, unless the defendant proved the debtor's inability to pay the same; and instructed them that the plaintiff was entitled to recover only such an amount of damage as they should find, upon all the evidence in the case, that he had sustained by the escape. *Held*, that the plaintiff had no ground of exception.

In a personal action, brought originally in the supreme court, and not being one of the cases excepted in Rev. Sts. *c.* 121, § 3, the plaintiff, if he recovers only twenty dollars damages, is entitled, for his costs, to no more than a quarter part of that sum.

ACTION OF TORT, brought in this court, against the sheriff of Middlesex, for the escape of a debtor committed to the jail in Lowell, on an execution in favor of the plaintiff for $377.51. Answer, that the debtor was destitute of property and unable to pay the plaintiff's judgment or any part thereof, and that the plaintiff had not suffered any damage by the escape.

*Metcalf*, J. before whom the trial was had, declined to instruct the jury, as requested' by the plaintiff, that the plaintiff was entitled to recover the whole amount of his execution, unless the defendant proved the debtor's inability to pay the same ; and instructed them that the plaintiff was entitled to recover only such an amount of damage as they should find, upon all the evidence in the case, that he had sustained, in consequence of the debtor's escape.

The jury returned a verdict of $20 for the plaintiff; and he alleged exceptions to the refusal of the judge to give the instructions prayed for.

*I. S. Morse*, for the plaintiff. The measure of damages in this suit is, *prima facie*, the amount of the judgment; and the burden of proof is on the defendant, in order to avoid his liability for that amount, to satisfy the jury that the debtor was unable to pay it. *Young* v. *Hosmer*, 11 Mass. 89. *Patterson* v. *Westervelt*, 17 Wend. 543. *Kellogg* v. *Manro*, 9 Johns. 300. *Burnham* v. *Allen*, 1 Gray, 496. *Ware* v. *Gay*, 11 Pick. 106. *Raynham* v. *Canton*, 3 Pick. 293. *Dickson* v. *Burks*, 6 Eng. 307

*The- State* v. *Melton*, 8 Missouri, 417.   The refusal of the judge to instruct the jury, on which party the burden of proof rested, left them without a guide in weighing the evidence.

*D. S. Richardson*, for the defendant, cited Rev. Sts. *c.* 97, § 72 ; *Burrell* v. *Lithgow*, 2 Mass. 526 ; *Shackford* v. *Goodwin*, 13 Mass. 187 ; *Rich* v. *Bell*, 16 Mass. 294 ; *Brooks* v. *Hoyt*, 6 Pick. 468 ; *Hunter* v. *King*, 4 B. & Ald. 210 ; *Arden* v. *Goodacre*, 11 C. B. 371 ; *Shuler* v. *Garrison*, 5 W. & S. 455.

SHAW, C. J.   The cause of action was not contested, and the only question was, what was the measure of damages. Since the action of debt for an escape has been abolished, the rule established is, that " the creditor may have an action on the case against the officer, to recover such damages as he shall have suffered by the escape." Rev. Sts. *c.* 97, § 72.   It is the ordinary case, then, where the plaintiff, having established his cause of action, proceeds to satisfy the jury that he has sustained damage.   The rule of damages is much considered in a late English case, under a statute similar to our own. · *Arden* v. *Goodacre*, 11 C. B. 371, 883.

The court are of opinion, that the judge rightly declined to give the instruction prayed for.   The execution was undoubtedly competent evidence, and if no other evidence had been offered, the jury might have been satisfied with it ; but this was a question of fact, and not of law, and therefore the judge could give no authoritative direction in regard to its force and effect. The jury were to assess the damages upon the whole evidence.

*Exceptions overruled.*


*Richardson* contended that the plaintiff, having recovered twenty dollars damages, was within the spirit of Rev. Sts. *c.* 121, § 3, and entitled to only a quarter part of that amount, for costs.

*Morse*, for the plaintiff.   " In all civil actions, the party prevailing shall recover his costs against the other party, except in those cases where a different provision is made by law."   Rev. Sts. *c.* 121, § 1.   Section 3, relied on by the defendant, is expressly limited to " personal actions, *brought originally in the*

*court of common pleas,"* and cannot therefore apply to this case, commenced in this court.

SHAW, C. J. The plaintiff, having recovered twenty dollars only, is within the statute which gives a quarter of that amount for costs. Rev. Sts. *c.* 121, § 3. The ground on which that statute allowed only one quarter costs was, that it appeared by the event that a case was brought in the court of common pleas, which might have been brought before a justice of the peace. When the jurisdiction of a part of these actions was transferred to the supreme court by *St.* 1840, *c.* 87, § 1, the incidents, including costs, were transferred and passed with them.